CHARLES E. SNOW *vs.* BOSTON AND MAINE RAILROAD.

York, 1875.—September 13, 1875.

*Railroad.   Trial.   Evidence.*

When the value of real estate taken for a railroad or the amount of damage caused by such taking is in question, persons acquainted with it may state their opinion as to its value, or as to the amount of damage done if all is not taken.

At a trial under the act of 1873, c. 95, relating to damages for land taken for railroad purposes, the granting or refusal of a view by the justice presiding is matter of discretion and not reviewable by the law court.

ON EXCEPTIONS.

This was an appeal from the decision of the county commissioners relating to damages for land of Snow, taken for railroad purposes in North Berwick, brought to this court in accordance with Public Laws of 1873, c. 95. At the trial the plaintiff moved that the jury be permitted to view the premises, which motion the court denied.

The court excluded the opinion of the land owner as to the amount of damages sustained by him; allowed him to testify as to his opinion of the value of his whole lot before a portion was taken by the railroad, but excluded his opinion of the value of the remainder of the premises after a portion was so taken. The plaintiff introduced John Johnson, a municipal officer of North Berwick, who lived in the vicinity of the land taken, had bought and sold land in the vicinity, was acquainted with petitioner's land, and its value. He was allowed to give his opinion of the value of petitioner's whole lot before the taking, but his opinion of the value of that portion left after taking was excluded. The plaintiff excepted.

*W. J. Copeland,* for the plaintiff.

*G. C. Yeaton,* for the defendants.

DANFORTH, J. This is an appeal under the act of 1873, c. 95, relating to damages for land taken for railroad purposes, and comes before us upon exceptions to the ruling of the court at *nisi prius.*

The first objection is that the jury were not permitted to view the premises upon plaintiff's motion.

The act referred to is independent of and distinct from that found in R. S., c. 18, § 13. The appellant had his election to pursue his remedy under either, and he chose the former. By that no provision is made for a view by the jury, and if one is permissible, it rests in the discretion of the court to grant or refuse it. To the exercise of that discretion no exceptions will lie.

Upon the ruling excluding the testimony offered, we think the exceptions must be sustained. The owner of the land was not permitted "to give his opinion as to the amount of damages sustained by him," nor as to the value of the land left. The opinion of another witness, "acquainted with the petitioner's land and its value," as to the value of the portion left after the taking, was also excluded.

This testimony was excluded, not on the ground of any want of knowledge on the part of the witnesses of the property in question, but for the reason that such opinions were incompetent evidence.

The question at issue was the amount of damage to the petitioner's land by the location of the railroad. The difference in value before and after the location would be a valid test of that damage, and it would seem to be immaterial whether the testimony was admitted in this form or in answer to a direct question as to the amount of the damage. In either case it must come as an opinion, and in either case it is a question of value.

The real question then is, whether the opinion of a witness as to the value of property with which he is acquainted, or as to the amount of injury done to it, is proper evidence for the consideration of the jury. Such an opinion as to the value of the whole, is conceded to be admissible ; why not, then, as to the part left ? The reason for its exclusion, given by counsel, that it would instruct the jury as to the amount of the verdict to be rendered, would seem to be a very good reason for its admission. Instruction is what the jury want. They would not be bound by it, any more than by other testimony, but it would be more or less valuable in enabling them to come to a correct conclusion.

There appear to be two grounds upon which opinions are admissible in evidence. The first is the case of experts, where the knowledge upon which the opinion is founded relates to "questions of science, skill or trade, or others of the like kind," and is the result of special study, or experience, or both. In such case, the opinion is competent as coming from a person who is supposed to know more of the subject matter than ordinarily falls to the lot of jurymen, and may rest upon the personal knowledge which the witness may have in relation to that about which he is testifying, or upon information derived from other witnesses, or even upon a hypothetical case.

The second is where the opinion is founded upon knowledge equally open to all, and relates to the ordinary affairs of life, such as pertain to every day business transactions. In this case the opinions given must be the result of personal knowledge, and thus to a certain extent become matters of fact. Take for instance the matter under consideration, the value of property. While its market value must necessarily, to some extent, be an opinion, it still very largely partakes of a question of fact. In such case, if opinions were rigidly excluded, the damage to property or its value could never be clearly proved. It is very much like the proof establishing the identity of a person, in regard to which one may testify with very great confidence, and yet his testimony is an opinion resulting from a personal knowledge of the party to be identified. So too, in relation to the appearance of a man as indicating whether he is under the control of any particular feeling or passion, as well as in a great variety of similar cases, in which it would be difficult, or perhaps impossible, to define distinctly the line between fact and opinion. This may be an exception to the general rule of evidence, but it is an exception founded in the necessity of the case, and one of great value in ascertaining the truth. It is often the only available and frequently the most satisfactory testimony. Whether a person manifested anger or any other passion, upon a particular occasion, depends so largely upon the peculiar and indescribable appearance of the face and other indications at the moment, that an eye-witness may be morally sure of the fact, and yet utterly unable to communicate

to another, such indicia with sufficient distinctness to give any satisfactory idea of the existing fact.

The same principles apply, with perhaps less force, to the value of property or the extent of an injury to it. The value or the amount of damage to property must necessarily be a matter of opinion, and the judgment of one well acquainted with its situation and character, its surroundings and facility of market must be more satisfactory than any description without such judgment. It is true this, like all oral testimony, may at times prove unreliable ; but its value can be readily and satisfactorily tested by cross-examination.

In accordance with these views we find the authorities. In *Haskell* v. *Mitchell*, 53 Maine, 468, it was held proper to allow a witness to state "the difference in value between the horse as represented and as actually existing." The same principle was settled in *Whiteley* v. *China*, 61 Maine, 199. These cases refer to personal property, but the same principle is applied to real estate, as shown by the cases cited and relied upon.

In *Shattuck* v. *Stoneham Branch Railroad*, 6 Allen, 115, the very question now in issue was involved; and the owner of the land was allowed to "testify to his opinion of the amount of damages which he has sustained;" and it was there held as well settled law, "that where the value of property, real or personal, is in controversy, persons acquainted with it may state their opinions as to its value." "Also where the amount of damage done to property is in controversy, such persons may state their opinion as to the amount of damage." The case of *Swan* v. *County of Middlesex*, 101 Mass., 173, is a case in point and supported by many authorities there cited.

In *Clark* v. *Rockland Water Power Company*, 52 Maine, 68, similar testimony was held inadmissible ; but the witness was offered as an expert, and his opinions were excluded solely on the ground that "he had no special knowledge of the value" of the property in question.                    *Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS and PETERS, JJ., concurred.

VIRGIN, J., did not concur.