Silas N. Greenberg, Administrator (Estate of George H. Smith) *vs.* The City of Waterbury.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued April 4th—decided June 20th, 1933.

*Charles O'Connor* and *Timothy S. Sullivan,* for the appellant (defendant).

*George W. Crawford,* for the appellee (plaintiff).

BANKS, J. On October 4th, 1931, plaintiff's decedent fell upon the sidewalk on North Elm Street in the defendant city, which it is claimed was defective, and sustained injuries which it is claimed resulted in his death. One of the principal contentions of the defendant is that no notice of the place of the injury was given that complied with the requirements of the statute. General Statutes, § 1420. The statute requires that a written notice of the injury "and a general description of the same, and of the cause thereof and

of the time and place of its occurrence" shall be given within sixty days, "unless the action shall be commenced by complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice." It further provides that "no notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence if it shall appear that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." This provision obviously applies to the description contained in the complaint in an action brought within the sixty-day limitation, as well as to that in a written notice when that is given. No written notice of the injury was given, but this action was brought within sixty days thereafter. The complaint contained no further description of the place where the injury was received than that it was "upon a sidewalk of a highway known as North Elm Street."

The defendant demurred to the complaint upon the ground that it failed to state the place upon the sidewalk where plaintiff's intestate fell. The court overruled the demurrer, but the plaintiff thereafter amended the complaint by alleging that the plaintiff's decedent fell at a point near or in front of the premises known as number 241 North Elm Street. The amended complaint was not demurred to. After the amendment of the complaint the demurrer to it disappeared from the case, and the assignment of error based on the ruling upon it has no place in the appeal. *Wladyka* v. *Waterbury,* 98 Conn. 305, 308, 119 Atl. 149.

Upon the trial the defendant objected to the admission of evidence as to the place where the decedent

fell, and claimed that there could be no recovery by the plaintiff since the provisions of § 1420 as to notice had not been complied with. There can be no question as to the insufficiency of the original complaint as notice of the place of the injury. The allegation that plaintiff's decedent fell "upon a sidewalk of a highway known as North Elm Street" obviously is insufficient as a notice of the place of the fall. The plaintiff, therefore, can recover only if it appears, under the saving clause of the statute, that there was no intention to mislead, or that the city was not in fact misled, by an inaccuracy in describing the place of the fall. We cannot agree with defendant's contention that the location of the accident was not even inaccurately stated. The complaint alleged that the accident happened upon the sidewalk of North Elm Street, thus giving a general though obviously an indefinite location of the place, and one that was insufficient to give the defendant the required statutory notice.

The trial court has found as a fact that there was no intention on the part of the plaintiff to mislead the city, that the latter was not in fact misled, and that the failure to describe accurately the place of the accident did not operate in any substantial degree to prevent the city from protecting itself in this action. This is conclusive unless, as the defendant claims, it was found without evidence. It is not to be expected that the plaintiff would be able to produce the direct testimony of any witness that the city was not misled by the inadequacy of the notice. The purpose of the statutory requirement of notice is to give the defendant such available information as will assist it in self-protection, *Delaney* v. *Waterbury & Milldale Tramway Co.*, 91 Conn. 177, 181, 99 Atl. 503, and if the circumstances of the case are such as to justify a reasonable inference that the inadequacy of the notice has not hampered the

city in its defense of the action they will also justify an inference that it was not in fact misled by such inadequacy.

There was evidence that a few days after the service of the writ in this action the city's investigators found and observed the place in the sidewalk claimed to be defective and which they testified was not defective, though the court has found that at that point a large root from a tree on the inner edge of the walk had grown under the surface of the concrete across the walk and at right angles to it, raising the surface of the walk rather abruptly to a height of six to eight inches. There was evidence that this condition had existed for two years and was substantially the same at the time of the trial as upon the date of the accident. The action was brought in December, 1931, the amendment of the complaint accurately locating the place of the accident was filed in March, 1932, and the case was tried in November, 1932. Under all the circumstances of the case it cannot be said that the court could not reasonably draw the inference that the defendant was not hampered in the presentation of its defense, and was not misled by the insufficiency of the notice of the place of the accident contained in the original complaint. *Wladyka* v. *Waterbury, supra.*

The finding as to the character of the alleged defect in the sidewalk, which is not attacked, fully justified the court's conclusion that the sidewalk at that point was not reasonably safe for public travel.

In falling, plaintiff's decedent broke off a small bony spur from his right knee, and upon his admission to the hospital the knee was completely immobilized in a cast. He died in the hospital about four weeks after his fall, the immediate cause of his death being a pulmonary embolism. The court found that the embolism resulted from the immobilization of the knee, through

the resulting interference with the circulation which caused the formation of thrombi or blood clots in the veins, these being released and carried in the circulation as emboli, which plugged the tertiary and some of the secondary arteries of the lungs, resulting in his death. The finding of the court that the death of plaintiff's decedent resulted in this way from the proper and necessary treatment of his injuries, and was the proximate result thereof, was attacked, but was supported by medical testimony which the court was entitled to believe, and cannot be disturbed.

The trial court awarded the plaintiff $4500 damages. Plaintiff's decedent was seventy-four years of age at the time of his death. He had been employed as a caretaker at the Waterbury Hospital since 1928. His compensation was $65 a month and his meals. During the year preceding his death he had not missed a day from his employment except during his two weeks' vacation. He was a man of unusual physical vigor for his years, and of unusually sound health, and his expectation of life exceeded the average for his age as shown by the mortality tables. The finding does not state what, if anything, he had accumulated prior to his death. Evidence of such accumulation was not, as defendant claims, essential in order to establish the economic value of his life to his estate. It is one element in the proof and may be an important one, but, in its absence, the trier, whether court or jury, must still solve, upon a consideration of all the applicable evidence, the extremely difficult problem of the value of the decedent's life to his estate. Unless the resulting award is palpably inadequate or excessive it should not be disturbed. Although the award in this case seems liberal we cannot, upon the record before us, say that it was so excessive as to justify our interference.

Upon the motion of the plaintiff the trial court viewed the sidewalk at the point in question, requesting counsel for the defendant to accompany it, which they declined to do. Counsel objected to the action of the court in viewing the premises and assign it as error. The condition of the sidewalk at the point where plaintiff's decedent fell—whether it was of such a character as to be defective and dangerous for public travel—was one of the principal issues in this case. In addition to the testimony of witnesses who described the condition, both parties introduced photographs of it. Why should not the trier see the place itself as well as pictures of it? Surely the evidence of his own senses is at least equally reliable. If the object whose condition is a subject of inquiry can be produced in court the trier may observe it; if it is immovable or inconvenient to remove, there would seem to be no reason why the trier should not go to the object in its place and there observe it. The power of the court, in the exercise of a sound discretion, to order a view by the jury whenever it is necessary or important to a clearer understanding of the issues, and to enable them to properly apply the evidence, is generally recognized. 2 Wigmore, Evidence (2d Ed.) § 1162 *et seq.;* 42 L. R. A. 368; *Owens* v. *Missouri Pac. Ry. Co.,* 38 Fed. 571; *Snow* v. *Boston & Maine Railroad,* 65 Me. 230; *Springer* v. *Chicago,* 135 Ill. 552. When the judge is the tribunal of fact instead of the jury, there is no reason why he should not do that which he might properly permit the jury to do, subject to similar limitations as to notice and an opportunity to all parties to be present when the view is taken. 2 Wigmore, Evidence (2d Ed.) § 1169; *Carpenter* v. *Carpenter,* 78 N. H. 440, 101 Atl. 628; *Kremer* v. *Thwaits,* 105 Wis. 534, 81 N. W. 654; *Mason* v. *Braught,* 33 S. D. 559, 146 N. W. 687. This power is, however,

one to be exercised with caution. Not merely should the trial judge be first satisfied that conditions at the time he views the premises are substantially the same as they were at the time of the occurrence involved in the action, but he should also be satisfied that a personal inspection by him will be fair to all parties concerned and is reasonably necessary to do justice between them.

Facts ascertained by personal inspection of the locus by a judge are in evidence as fully as though presented for his consideration through descriptions given by witnesses under oath. *McGar* v. *Bristol,* 71 Conn. 652, 42 Atl. 1000; *Heublein, Inc.* v. *Street Commissioners,* 109 Conn. 212, 218, 146 Atl. 20; *Lunny* v. *Pepe,* 116 Conn. 684, 687, 166 Atl.

It was undisputed that the sidewalk at the place in question was in substantially the same condition at the time of the trial as at the time of the accident. The action of the trial court in inspecting it, after notice to counsel and an invitation to them to be present, was a proper exercise of its discretion.

There is no error.

In this opinion the other judges concurred.