### ALICE IZYK
*vs.*
### CITY OF MERIDEN

Superior Court    New Haven County    File No. 60982

MEMORANDUM FILED OCTOBER 7, 1941.

*Lewis J. Somers,* of Meriden, for the Plaintiff.

*Watrous, Gumbart & Corbin,* of New Haven, for the Defendant.

DICKENSON, J. The plaintiff in a notice dated March 25, 1941, stated: "While walking on Church Street I fell and fractured my arm due to a defect on sidewalk. Accident occurred on March 19, 1941 about 9 a.m." On April 1, 1941, she filed a "Supplemental Notice" alleging a fall that occurred on March 15, 1941, stating in detail where it occurred on Church Street, that it was due to "faulty and defective construction and defective condition of said sidewalk. . . .; and due to the condition of ice and snow which was allowed to accumulate and exist on said sidewalk."

In her complaint the plaintiff alleges that the fall occurred on March 15th and was caused (para. 6) by "said defective conditions of said sidewalk and the presence of snow and ice." Earlier in the complaint is set up in detail an irregular sidewalk covered with snow and ice and a retaining wall that allowed water to drain on the walk and be "caught" and freeze thereon and that "said conditions constituted a continuous nuisance", etc. In paragraph 8 of the complaint it is alleged in effect that both notices attached as exhibits refer to the same injuries and so, presumably, to the same fall, although the fall is said to have occurred on March 19th in the first notice and on March 15th in the second notice and in the complaint.

The defendant demurs to the complaint as a whole on the grounds that the first notice "does not specify the location of the defect nor the character thereof" in accordance with the statute, and the second notice involving ice and snow was not filed in time.

Confining the decision strictly to the matters raised by the demurrer, the location of the defect and its character are both general descriptions which may be rescued under the saving clause of the statute upon proof of no intention to mislead the defendant and that it was not in fact misled. *Greenberg vs. City of Waterbury,* 117 Conn. 67; *Christian vs. City of Waterbury,* 123 id. 152.

As to the second notice, this and the complaint are general enough to support a recovery on the theory that the defective condition of the walk and not the ice or snow was the proximate cause of the fall. *Frechette vs. City of New Haven,* 104 Conn. 83.

The plaintiff has made a further claim in argument that she has set up "nuisance" in the complaint which makes it a cause of action independent of the statute. As to this claim, to be maintained successfully it must appear that such nuisance was created by the defendant whereas the plaintiff's allegation is that the defendant negligently failed to abate it. *See Stoto vs. City of Waterbury,* 119 Conn. 14.

The demurrer is overruled on all grounds.