GLADYS DiMAGGIO v. CITY OF NEW LONDON

SUPERIOR COURT    NEW LONDON COUNTY    FILE No. 15683

Memorandum filed May 7, 1946.

*Griswold Morgan,* of New London, for the Plaintiff.

*Morris Lubchansky, Perry J. Hollandersky,* and *Edmund J. Eshenfelder,* of New London, for the Defendants.

INGLIS, J. The complaint, as amended by a more specific statement, to which this demurrer is addressed, purports to set up a cause of action for personal injuries sustained by reason of a defective highway, the particular defect complained of being an accumulation of snow and ice. The basis of the demurrer is that the notice of the injury given did not comply with the requirements of § 1420 of the General Statutes in various particulars.

The notice alleged is in the following form: "To the Honorable City Counsel [sic], New London, Connecticut. Gentlemen: This is to officially notify you that my mother, Mrs. Gladys May of 88 Ocean Avenue, fractured her left leg in a fall on an icy sidewalk in Montauk Avenue and is now a patient at Lawrence & Memorial Hospital. The accident happened

about 7:45 o'clock tonight. A Full report of the accident has been made to the Police Department. You are hereby notified that her family intends to hold the City responsible and is prepared to bring suit for damages, if necessary. Very truly yours. Peter May."

The first ground of demurrer is that this notice does not state the place of occurrence of the injuries. The statute requires that the notice set forth the place of the injury. The purpose of the statute is to provide that the defendant city shall be apprized of the various circumstances of the injury as particularized in the statute to such an extent as might be reasonably necessary under the circumstances to protect its interests; and the sufficiency of the notice is to be tested by that purpose. *Sizer* v. *Waterbury,* 113 Conn.145, 157; *Krooner* v. *Waterbury,* 105 Conn. 476, 481. To notify the city simply that the accident occurred on Montauk Avenue clearly does not give it adequate information as to the place of the occurence so as to put it in the position to investigate the accident and protect its interests. *Main* v. *North Stonington,* 127 Conn. 711; *Greenberg* v. *Waterbury,* 117 Conn. 67, 70. Nor does it add anything to state further that the accident had been reported to the police department. The statute requires that the notice be complete in itself. Such a notice is not to be completed by incorporating into it the knowledge which some other city official may have. *Nicholaus* v. *Bridgeport,* 117 Conn. 398; *Crocker* v. *Hartford,* 66 Conn. 387, 391; *Gardner* v. *New London,* 63 Conn. 267, 273. The statute requires that the notice shall be in such a form that from a reading of it, itself, the city clerk or anyone else shall be apprized of the place of the accident without having to make outside inquiries.

Clearly, therefore, this notice fails to meet the requirement of the statute with reference to stating the place of the injuries. It may be that this defect may be overcome by proof that the plaintiff's agent had no intention to mislead and that the city was not actually misled. That is, the statement in the notice that the plaintiff's fall occurred on Montauk Avenue is an inaccuracy in the description of the place rather than a complete failure to describe the place. *Greenberg* v. *Waterbury,* supra. That there was no intent to mislead and that the city was not misled is not, however, alleged. In spite of the possible intimation to the contrary contained in the opinion in *Christian* v. *Waterbury,* 123 Conn. 152, 156, it is apparent that the statute

puts the burden of alleging and proving this on the plaintiff. If the notice is inaccurate in any particular, the statute provides that it shall not be held invalid "if it shall appear that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." In other words, unless those things do appear, the notice is invalid. They do not appear in this case. The notice in this case fails accurately to state the place of the injuries. It is therefore invalid for that reason.

Another ground of demurrer is that the notice is invalid because it does not contain a general description of the injuries alleged in the complaint. The notice does describe certain injuries, i. e., a broken leg. The defendant's contention here really is not that the notice fails to state injuries but that there is a variance between the injuries so stated and those stated in the complaint. Granting that that were so, it still would not invalidate the notice, as is alleged by the defendant in the demurrer. This ground of demurrer, therefore, is not well taken.

The third ground of demurrer is predicated upon the fact that the notice was addressed to "The Honorable City Council" and not to the city clerk. There is some ambiguity in the pleading, but the only fair intendment is that the more specific statement is an addendum to paragraph 13 of the complaint. That paragraph still stands as a part of the pleading. In it, it is alleged that the notice was given to the "Town Clerk of the City of New London." That means, obviously, that the notice was left with him. If that is so, the requirements of the statute have been met, no matter how the notice was addressed.

The last ground for demurrer rests upon the allegation of the more specific statement that the notice spoke of injuries sustained by Gladys May, while the action has been brought by Gladys DiMaggio. The fact probably is that Gladys May and Gladys DiMaggio are one and the same person. Until that is alleged, however, there is nothing in the complaint to indicate that the city clerk ever received notice that Gladys DiMaggio had been injured. For that reason also the complaint is demurrable.

For the foregoing reasons the demurrer is sustained.