JOSEPH CRUZ *v.* RAYMOND WICE ET AL.

SUPERIOR COURT        JUDICIAL DISTRICT OF        FILE No. 290595
            HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed March 6, 1984

*Kevin G. Dubay,* for the plaintiff.
*Gordon, Muir & Foley,* for the named defendant.

CORRIGAN, J. The defendant Raymond Wice has moved to strike the first count of the three count revised complaint in that the notice attached to the complaint is insufficient under the provisions of the dram shop act; General Statutes § 30-102; failing to give the time of day of the sale and the name of the person to whom the sale was made.

Although the count alleges wanton and reckless conduct in paragraph four, a recognized common law cause of action in the sale of liquor; *Kowal* v. *Hofher,* 181 Conn. 355, 360–61, 436 A.2d 1 (1980); the count claims the damages pursuant to General Statutes § 30-102 as alleged in paragraph nine.

The purpose of the notice required of the dram shop act is to enable a prospective defendant to begin marshalling his evidence while memories are still fresh. *Zucker* v. *Vogt,* 329 F.2d 426, 428 (1964). The act, being remedial, should be construed liberally to suppress the mischief and advance the remedy. *Pierce* v. *Albanese,* 144 Conn. 241, 251, 129 A.2d 606 (1957). The notice herein gives the time of day as "evening" and states that the injury was caused by a patron of the defendant while the plaintiff was also a patron. Even though notice requirements have not been literally met, nevertheless, if under all the circumstances it appears that the party entitled to notice was neither misled nor hampered by the defect, then he may not avail himself of it. *Greenberg* v. *Waterbury,* 117 Conn. 67, 70–71, 167 A. 83 (1933). Even though the notice given herein does

not patently meet the requirement of naming the purchaser the court cannot find as a matter of law that the defendant has been hampered or misled so as to cause potent defect. *Fraser* v. *Henninger,* 173 Conn. 52, 56, 376 A.2d 406 (1977).

The motion to strike is therefore denied.