[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action against the city brought under 13a-149, seeking damages resulting from a highway defect, the city moves for summary judgment as a matter of law alleging that the statutory notice is defective in its description of the place of the occurrence.
In ruling on a similar motion made by the Commissioner of Transportation of the State of Connecticut, this court (Lewis, J.) noted parenthetically that the notice was defective as a matter of law as to the state defendant because it "patently failed" to meet the requirements of 13a-144, Ozmum v. Burns, 18 Conn. App. 677, 681. While this dictum is not binding on this court, it calls for an analysis of the notice in terms of whether it contains (i) an inaccuracy in describing the place of occurrence or (ii) a complete failure to describe the place of occurrence. Greenberg v. Waterbury, 117 Conn. 67, 70.
The notice recites that the plaintiff tripped "on a raised sewer hole" at the Stamford Railroad Station on South State Street as the plaintiff "was exiting the railroad station on the southbound side" and "was going to the taxi stand to take a taxi to his place of employment." In his counter affidavit filed in opposition to the motion, the plaintiff describes the place of the occurrence as "a raised manhole in the center of the street." (emphasis added). The discrepancy in these descriptions frames the problem.
Webster's New World Dictionary, Second College Edition, at 1305 defines "sewer" as "a pipe or drain usually under ground, used to carry off water and waste matter." The word "hole" is defined as "an opening in or through anything; a hollowed out place; cavity." Id. at 668. Thus, the notice described an opening somewhere on the ground which was intended to carry off either waste matter or surface water and was CT Page 3920 in a raised or elevated position. Under this indefinite description the city could have understood the notice to refer to a variety of places, e.g.: a catch basin, an open sanitary sewer, an open drainpipe, but not necessarily "a raised manhole in the center of the street."
Unlike 14a-144 which was involved in Judge Lewis' decision, 14a-149 contains a saving provision where it appears that an inaccuracy in describing the place of occurrence was not committed within intent to mislead or that the city was not in fact misled thereby. It has been consistently held that this provision saves an inaccuracy and not a complete failure. Greenberg v. Waterbury, supra; Sizer v. Waterbury, 113 Conn. 145. Under the above analysis the notice failed completely to describe the place and therefore cannot be saved. But even if the defect contained an inaccuracy, it does not appear from the allegations of the complaint or the plaintiff's affidavit that there was an absence of intent to mislead or that the city was not, in fact mislead. DiMaggio v. New London,14 Conn. Sup. 106.
The motion for summary judgment is granted.
MOTTOLESE, J.