[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#101)
The plaintiff filed this action on to recover for injuries allegedly caused by defendant Scott Sambor, and names as an additional defendant under the Dram Shop Act John M. Baulski, permittee, D/B/A Red Dog Saloon. On December 6, 1993, defendant Baulski filed a motion to dismiss the complaint on the ground that the plaintiff failed to provide sufficient notice of his claim under the Dram Shop Act, in accordance with General Statutes 30-102. The defendant alleges that the notice is defective in that it fails to provide the person to whom the sale was made, as well as the time, date and place where the injury occurred.
"The purpose of the notice required of the dram shop act is to enable a prospective defendant to begin marshalling his evidence while memories are still fresh." Cruz v. Wice, 40 Conn. Sup. 48,49, 479 A.2d 1249 (1984). The act, being remedial, should be construed liberally to suppress the mischief and advance the CT Page 11055 remedy. Pierce v. Albanese, 144 Conn. 241, 251, 129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S.Ct. 36, 2 L.Ed.2d 21 (1957). In the present case the notice provided the name and address of the injured party, the names of the individuals allegedly served and the date, time and place where this allegedly occurred.
Although it is not explicity [explicitly] set out which of the two named individuals actually assaulted the plaintiff or the exact time and place where the assault occurred, a reasonable interpretation of the language in the sentence is that the alleged attack occurred shortly "thereafter", i.e. a short time later at the same location. "Even though notice requirements have not been literally met, nevertheless, if under all the circumstances it appears that the party entitled to notice was neither misled nor hampered by the defect, then he may not avail himself of it." Cruz v. Wice, supra, 49, citing Greenberg v. Waterbury, 117 Conn. 67, 70-71, 167 A. 83
(1933); see also Benendict v. Gillette, Superior Court, judicial district of Tolland at Rockville, Docket No. 46849 (October 1, 1991, McWeeney, J.) (Notice sufficient although it failed to provide time, date and place where injury occurred.)
The notice in the present case was sufficient to enable Baulski to begin marshalling his evidence, and the court cannot find as a matter of law that the alleged defects hampered or misled the defendant. Accordingly, the motion dismiss is denied.
JOHN WALSH, J.