[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action brought pursuant to the Dram Shop Act, C.G.S. § 30-102.
In his amended complaint, dated May 21, 1993, the plaintiff, Stanley Majewski, claims he entered the defendant's establishment at 10:30 p. m. on November 5, 1992. He alleges that an intoxicated patron, Jim Donahue, attacked him with a beer bottle. He further alleges that Donahue had been at the bar for at least two hours, been served too much alcohol there and had started two other incidents. According to plaintiff the defendant and/or its employees continued to serve alcohol to Donahue when they knew or should have known that he was intoxicated. Amended complaint ¶¶ 1-6. [103]
CT Page 6924 Plaintiff alleges he suffered serious injury.
Plaintiff also alleges that he gave notice to defendant. Notice was addressed to "Chelsea Landing" to the attention of Steven Petrowski. The body of the notice reads as follows:
 "Please be advised that this office represents Stanley Majewski who was seriously injured by Jim Donahue, at your establishment on 11/5/92. Mr. Donahue attacked my client without any provocation whatsoever. Further, it is our belief Mr. Donahue was intoxicated and had been served by your establishment over a period of hours. A claim is being made for Mr. Majewski's injuries, as well as his medical bills and pain and suffering. Please have your carrier, contact this office.
The defendant moves to dismiss claiming that the notice just quoted was totally inadequate compliance with the statute. Section 30-102 provides, in pertinent part, as follows:
 "[T]he aggrieved person or persons shall give written notice to such seller within sixty days of the occurrence of such injury to person or property of his or their intention to bring an action under this section. . . . Such notice shall specify the time, the date and the person to whom such sale was made, the name and address of the person injured or whose property was damaged, and the time, date and place where the injury to person or property occurred." C.G.S. § 30-102.
The alleged notice does not comply with the statute in several ways. At least tacit acknowledgment of its defects has been made by plaintiff since the plaintiff claims it sent a subsequent letter notice dated January 5, 1993. The court does not consider this letter because it obviously could not been, received by the defendants within the sixty day period prescribed by the statute.
Case law indicates the purpose of the notice is to enable a defendant bar owner to begin marshaling his evidence.
"The purpose of the notice required of the dram shop act to enable a prospective defendant to begin marshaling [marshalling] his CT Page 6925 evidence while memories are still fresh." [Citation omitted]Cruz v. Wice, 40 Conn. Sup. 48, 49 (1984, Corrigan, J.). The act, being remedial, should be construed liberally to "suppress the mischief and advance the remedy." Sego v. Debco, Inc.,8 CSCR 997, 998 (July 23, 1993, Jones, J.), quoting Pierce v.Albanese, 144 Conn. 241, 251 (1957), appeal dismissed, 355 U.S. 15
(1957). "Even though notice requirements have not been literally met, nevertheless, if under all the circumstances it appears that the party entitled to notice was neither misled nor hampered by the defect, then he may not avail himself to it"Cruz v. Wice, supra 49, citing Greenberg v. Waterbury, 117 Conn. 67,71 (1933). Whether or not the defendant has been "apprised of the inception of th[e] action" is a factor for the court's consideration. Allen v. Waterfront Cafe, Inc., 4 CSCR 351, 352
(March 28, 1989, Kulawiz, J.).
On January 10, 1993, the defendant sent a letter to plaintiff's attorney which reads as follows:
 "I would have responded to your letter earlier I have just been released from the hospital for a recent operation. My attorney should be gettin in touch with you shortly. I feel Mr. Stanley Majewski may have a case but I believe its against Mr. Jim Donahue and not Chelsea Landing. "I was there the night of the incident and believe that my employee's (sic) and the Norwich Police handled the incident well and prevented any further injury. I further believe this incident resulted over jealously over a girl and not intoxication. Since Mr. Jim Donahue was there only 15 min. and 1 beer. We have many witnesses to this incident including the Norwich Police who questioned both parties. Mr. Stanley Majeski [Majewski] has previously and continuously boasted of "suing to make a fast buck." We hope he relizes (sic) that we also will be seeking to be compensated for our financial and legal losses." Letter dated January 10, 1993, attached to Plaintiff's Memorandum, October 6, 1993.
The January 10, 1993 letter from the defendant to the plaintiff's attorney indicates that the defendant was aware of the pending action. He states he was present during the incident. The defendant twice refers to the plaintiff's "case" and states that he will be seeking compensation for his "financial and legal losses." Because the defendant has been CT Page 6926 able to begin marshaling his evidence, the defects in the notice have neither misled nor hampered defendant in preparing a defense. See, e.g. Gionfriddo v. Sambor, Superior Court, Judicial District of Middlesex, Docket No. 70477 (December 20, 1993, Walsh, J.) (Notice sufficient although failed to provide the person to whom the sale was made, as well as the time, date and place where the injury occurred); Benedict v. Gillette, Superior Court, Judicial District of Tolland at Rockville, Docket No. 46849 (October 1, 1991, McWeeney, J.) (Notice sufficient although it failed to provide time, date and place where injury occurred).
The defendant's response quoted above amply shows that the defendant promptly began to prepare his defense. He was present and quite familiar with the, evidence. The purposes of the statutory notice have been accomplished. Belanger v. Village PubI, Inc., 26 Conn. App. 509, 515-6 (1992).
Defendant also claims that the plaintiff's case be dismissed because "[n]o notice was sent to the corporate backer." The record does not indicate there was a corporate backer or the identify of same. Plaintiff's December 7, 1992 notice was sent to "Chelsea Landing" to the attention of Steven Petrowski.
Defendant's January 10, 1993 letter to plaintiff's lawyer was signed by defendant as "Pres. Chelsea Landing, Inc." The statute does not require that notice be sent to a corporate backer, only to the "seller." Fairly read, the Amended Complaint alleges that Donahue had been sold alcohol by defendant or his employees. If defendant Petrowski was not the "seller," that may raise an issue not now before the court. It appears that both Steven Petrowski and Chelsea Landing, Inc. have had timely notice of plaintiff's claim. The purpose of the statute's notice provision has been accomplished. Belanger v. Village Pub I,Inc., 26 Conn. App. 509, 515-6 (1992).