[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SUBSTITUTE PARTY PLAINTIFF
In this action to quiet title, the plaintiff, Anna Janczyk, seeks to have the administrator of her estate substituted as the plaintiff. The motion states that Anna Janczyk died on April 30,CT Page 108821959, almost forty years before this action was brought. How and why this action was commenced in the name of an individual dead almost forty years is unexplained to the court.
The plaintiff seeks the right to substitute the administrator pursuant to General Statutes § 52-599. The pertinent portions of the statute state as follows: "(a) a cause or right of actions shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person. (b) a civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. If a party dies, his executor or administrator may enter within six months of the plaintiff's death or at anytime prior to the action commencing trial. . ."
Although the plaintiff claims that the statute permits substitution of an administrator at any time, i.e., even when a party dies before the suit is instituted, two Superior Court cases have held that the statute does not permit substitution when a party died before the suit was instituted. Brower v.Novick, Judicial District of Stamford at Stamford, 17 CONN. L. RPTR. 564 (96-150483, October 8, 1996, Ryan. J.);Williams v. Marcher, Judicial District of Fairfield at Bridgeport, (97-034 6212, Skolnick, J.). This court agrees with the reasoning in both cases and so holds.
The plaintiff argues that in the interest of judicial economy the motion should be granted because the plaintiff has the right if the plaintiff's motion is denied, to reinstitute suit pursuant to General Statutes § 52-592 (accidental failure of suit) which would so permit if this action were dismissed for lack of jurisdiction.
The problem with the plaintiff's argument, however, is that the failure of the plaintiff's standing as a party creates the issue of the court's jurisdiction over the subject matter of this action.
In O'Leary v. Waterbury Title Co., 117 Conn. 69, 47 (1933), our Supreme Court held that a judgment in an action by or against a decedent who is dead when it was begun is null and void and may be attacked collaterally as well as directly.
Our Practice Book further provides in § 10-33 that whenever it is found that the court lacks subject matter CT Page 10883 jurisdiction at the suggestion of the parties or otherwise (emphasis added), the judicial authority shall dismiss the action.
Here, again, our Supreme Court has unequivocally, held that whenever the absence of jurisdiction is brought to the attention of the court it must decide the question of jurisdiction and if it finds the absence of jurisdiction, it cannot make a ruling in favor of either party, but can only dismiss the case want of jurisdiction. See Federal Report Ins. Corp. v. Peabody, N.E.Inc., 239 Conn. 93, 99 (1996); Marshall v. Clark, 170 Conn. 1996
(1976).
Although a motion to dismiss has not been filed in this case, it is the conclusion of this court that inasmuch as the plaintiff has no standing, the court has no jurisdiction and must accordingly dismiss the case.
Freed, J.