[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#102)
This is a personal injury action brought by the plaintiff, Florida Baskin ("Baskin"), against the defendant, City of New Haven ("City"). In her complaint, Baskin asserts that she sustained injury on or about March 10, 1996 when she slipped and fell due to an accumulation of ice and snow on South Genesee Street. The City has moved for summary judgment on two grounds. First, that the notice that Baskin provided to the City was insufficient to meet the requirements of General Statues § 13a-149. Second, that the complaint, as drafted, sounds in common law negligence and is barred by the doctrine of governmental immunity. Baskin objects to the motion for summary judgment asserting (1) that the adequacy of the notice is an issue of fact for the jury; (2) that even if the notice is deficient, the potential application of the savings clause of § 13a-149
creates an additional issue of fact to be resolved at trial; and (3) that the case is not brought under common law negligence but rather pursuant to the highway defect statute.[1]
For the reasons set forth below, the motion for summary judgment is denied.
 DISCUSSION
The law pertaining to the granting of summary judgment is well settled and needs no extended discussion. Summary judgment shall be rendered if the pleadings, affidavits and other proof show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. In deciding the motion, the trial court must view the evidence in the light most favorable to the nonmoving party. Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381
CT Page 3251 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
The highway defect statute, § 13a-149, provides in part as follows:
 Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . . No action shall be maintained against any . . . city . . . unless written notice of such injury and a general description of same, and of the cause thereof and of the time and place of its occurrence shall, within ninety days thereafter be given to a selectman or clerk of such town . . . No notice given under the provision of this section shall be held invalid or insufficient by reason of an inadequacy in describing the . . . place . . . if it appears that there was no intention to mislead or that such . . . city . . . was not in fact misled thereby.
Section 13a-149. "The giving of such notice is a condition precedent to the maintenance of the action, the obligation to comply with the statute rests upon the plaintiff." Nicholas v. Bridgeport. 398, 401 (1933).
The notice filed by Baskin in describing the place of her alleged injury states:
 LOCATION OF ACCIDENT: On South Genesee Street, in front of McCaughney Terrace Apartments, approximately 10 to 12 feet from the curb.
The City asserts that this notice does not comply with § 13a-149. In support of its claim, the City has submitted affidavits from the property manager for the McCaughney Terrace Apartments as well as its Public Liability Investigator. Both affidavits attest to the fact that the McCaughney Terrace Apartments are made up of a number of units that occupy the full length of South Genesee Street, approximately 1580 feet, on both sides.
There can be no serious question that the notice insufficiently describes the place of Baskin's alleged fall. In effect, the notice alleges that she fell somewhere on South Genesee Street. Notices of this type are not adequate to put the City in a position to investigate the accident and protect its interests. See Greenberg v. Waterbury,117 Conn. 67, 70 (1933) (description of place as "upon a sidewalk of a CT Page 3252 highway known as North Elm Street" not sufficient); DiMaggio v. City ofNew London, 14 Conn. Sup. 106, 106 (1946) (notice stating that plaintiff "fractured her left leg in a fall on an icy sidewalk in Montauk Avenue" not sufficient).
The statute, however, provides that an "inadequacy" in describing the place will not render a notice invalid provided that there was no intention to mislead or that the City was not in fact mislead. Section13a-149. The City asserts that the notice in the present case is not merely inadequate but amounts to no notice at all precluding the application of the savings clause. This argument goes too far. It is true that some cases have held the savings clause inapplicable where the required information is entirely absent. See Martin v. Plainville,240 Conn. 105, 113 (1997) (absence of information regarding injury);Marino v. East Haven, 120 Conn. 577, 580 (1935) (same). The facts in the present case, however, are closer to Greenberg v. Waterbury, supra where our Supreme Court concluded that while the description of place ("upon a sidewalk of a highway known as North Elm Street") was not sufficient, it did not agree with the defendant's contention that the location was not even inaccurately stated. Greenberg v. Waterbury, supra 70. Accordingly, the Supreme Court went on to find that the savings clause applied and affirmed the judgment for the plaintiff. Id. The same is true here, the notice, while indefinite and inadequate, does give a general location of the place sufficient to trigger the application of the savings clause. The savings clause obviously raises issues of material fact such that summary judgment is inappropriate.
 CONCLUSION
For the reasons set froth above, the motion for summary judgment is denied.
So Ordered at New Haven, Connecticut this 8th day of March 2001.
Devlin, J