The first count of the writ alleges that on or about January 20, 1973, the plaintiff sustained injuries arising out of the intoxicated condition of two or three persons, names unknown. The complaint also alleges that, on or about that date, the defendant or its agents, as owners and operators of certain premises in Bristol, sold alcoholic liquors to those two or three persons and that, in consequence of the sale, they caused personal injuries to the plaintiff.
The allegations of the first count clearly attempt to impose liability on the defendant by virtue of the so-called dram shop act. General Statutes *Page 406 
§ 30-102. The first count has attached thereto a copy of the required sixty-day notice to the defendant, pursuant to § 30-102. The notice recites that the injuries were inflicted on the plaintiff "by two or three persons (names unknown) who were attending the wedding party of Phil Watson."
The defendant's demurrer to the first count contends that the sixty-day notice is insufficient, under § 30-102, because it fails to specify the identity of the person or persons to whom the alcoholic liquor was allegedly sold. The demurrer has merit.
Claims under the dram shop act constitute a cause of action unknown to the common law. Pierce
v. Albanese, 144 Conn. 241, 249. Faithful adherence to the notice requirements is a condition precedent to this cause of action. Stevenson v. Edwards,25 Conn. Sup. 1, 2.
Section 30-102 provides, in part, that the sixty-day notice shall specify "the person to whom such sale was made."
The purpose of the specific requirement as to the names of the purchasers of the liquor is to give the defendant such information as will assist it in its self-defense. Greenberg v. Waterbury, 117 Conn. 67,70. The interest of the defendant in its defense is not given reasonable protection if the plaintiff is unable, or unwilling, to provide it with the specific data, as to the names, mandated by § 30-102. Schaap
v. Meriden, 139 Conn. 254, 256.
The giving of a notice complying in all respects with the statute goes to the very existence of a valid cause of action on the first count. State v. AetnaCasualty Surety Co., 138 Conn. 363, 367, quoted in Hillier v. East Hartford, 167 Conn. 100, 105. *Page 407 
It may be observed that this is not a case where the names of the individuals are in fact furnished, but are somewhat inaccurate, or misleading, in part or in whole. In the present situation, no information whatsoever was contained in the notice, relative to the names. The sixty-day notice was therefore invalid.
 Accordingly, the defendant's demurrer to the first count is sustained.