## Patrick Kirby *v.* Rusty Nail Cafe of Bristol, Inc., et al.

Superior Court     Judicial District of     File No. 0279082
Hartford-New Britain at Hartford

Memorandum filed April 16, 1985

*RisCassi & Davis,* for the plaintiff.

*Hoberman, Pollack & Roseman,* for the defendants.

CORRIGAN, J. The defendants move to strike the first count of the plaintiff's complaint claiming that the dram shop notice required by General Statutes § 30-102 is insufficient. The notice attached to the complaint and the complaint allege that, while the plaintiff was a patron of the defendants, he was assaulted and battered by an unidentified person, referred to in the complaint as "John Doe," who was also a patron of the defendants and who was sold or furnished alcoholic beverages while he was intoxicated. The defendants refer to the language in the statute that "[s]uch notice shall specify the time, the date and *the person to whom such sale was made,* the name and address of the person injured or whose property was damaged, and the time, date and place where the injury to person or property occurred." (Emphasis added.)

The statute does not direct that the name of the assaulter be given, although obviously that is usually the best method of identification. Further, it would be unseemly in such circumstances as are alleged here to deprive a plaintiff of his claim under the statute because of his inability to place a name upon a patron of a defendant, who may be in a better position to identify the patron.

The purpose of the notice required by § 30-102 is to enable a prospective defendant to begin marshaling his evidence while memories are still fresh. *Zucker* v. *Vogt,* 329 F.2d 426, 428 (2d Cir. 1964). The Dram Shop Act, being remedial, should be construed liberally to suppress the mischief and advance the remedy. *Pierce* v. *Albanese,* 144 Conn. 241, 251, 129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21 (1957). The notice given by the plaintiff specifies the time, date and place of the injury, the name and address of the injured and the fact that the injury was caused by a patron of the defendants at a time when the plaintiff was also a patron. Even where notice requirements have not been literally met by giving a name, if under all the circumstances it nevertheless appears that the party entitled to notice was neither misled nor hampered by that defect, then he may not avail himself of the defect in his defense of the action. *Greenberg* v. *Waterbury,* 117 Conn. 67, 70–71, 167 A. 83 (1933). Even though the notice given herein does not patently meet the requirement of naming the purchaser, the court cannot find as a matter of law that the defendant has been hampered or misled so as to cause patent defect. *Fraser* v. *Henninger,* 173 Conn. 52, 56, 376 A.2d 406 (1977).

The motion to strike is therefore denied.