[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant moves to dismiss counts two and three of the complaint on the ground of lack of subject matter jurisdiction. At issue is whether, pursuant to Connecticut General Statutes 30-102, notice of intent to sue under the Dram Shop Act must be provided to the seller within sixty days of injury or whether notice to such seller's agent is sufficient to establish subject matter jurisdiction; and whether timely notice of intent to sue is necessary to establish subject matter jurisdiction in a common-law action alleging reckless and wanton misconduct.
By complaint dated October 27, 1989, plaintiff, John O'Neill, seeks damages from The Pub of Manchester, Inc. d/b/a Harpo's Bar [hereinafter "Harpo's Bar"] and its permittee, William Ackerman, Jr. [hereinafter "Ackerman"], in count two under Connecticut General Statutes 30-102 of the Dram Shop Act, and in count three under the common law alleging wanton and willful misconduct.
Plaintiff alleges in his complaint that Ackerman, the manager of Harpo's Bar, sold alcoholic beverages in Harpo's Bar on November 11, 1988 to defendant Harold Hendel while Hendel was in an intoxicated condition. O'Neill alleges that he was subsequently injured in an automobile accident on November 11, 1988 while a passenger in a vehicle driven by Hendel. O'Neill further alleges in the third count of his complaint that his CT Page 637 injuries were the result of the willful, wanton and reckless provision of alcoholic beverages by the defendants.
Plaintiff's notice of intent to sue is merely dated January, 1989, however the sheriff's return indicates that on January 10, 1989, he left a copy of the original notice with Stacie Granno, who accepted service for Harpo's Bar and for Ackerman.
On February 6, 1990, the defendants filed a motion to dismiss the second and third count of the complaint, an affidavit sworn to by Ackerman, and a supporting memorandum, claiming a lack of subject matter jurisdiction because Ackerman did not receive timely notice pursuant to Connecticut General Statutes30-102. On February 27, 1990, the plaintiff filed his objection to the motion to dismiss and his memorandum in opposition, claiming that pursuant to section 30-102, notice was timely served, to the defendants through their agent, Stacie Granno. Further, plaintiff claims that timely notice is not required in his third count.
A motion to dismiss is used to contest the jurisdiction of the court. Connecticut Practice Book 142. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Connecticut Practice Book 143 Upson v. State, 190 Conn. 622, 624 (1983).
"This motion [to dismiss] shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Connecticut Practice Book 143; Barde v. Board of Trustees,207 Conn. 59, 62 n. 1 (1988). A motion to dismiss that does not seek to introduce facts outside the record admits all well pleaded facts. Pellegrino v. O'Neill, 193 Conn. 670, 672 n. 4 (1984). Also, the complaint is construed most favorably to the plaintiff. Id. When the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. Barde, 207 Conn. at 62. Nevertheless, affidavits are insufficient to determine the facts unless they disclose that no genuine issue as to material fact exists. Charron v. Taylor, 12 Conn. Law Trib. No. 15 p. 31 (Super Ct., January 10, 1986, Walsh, J.).
The Dram Shop Act, Connecticut General Statutes 30-102, provides in pertinent part:
 If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated CT Page 638 person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of twenty thousand dollars, or to persons injured in consequence of such intoxication up to an aggregate amount of fifty thousand dollars, to be recovered in an action under this section, provided the aggrieved person or persons shall give written notice to such seller within sixty days of the occurrence of such injury to person or property of his or their intention to bring an action under this section. (Emphasis added).
The purpose of the notice provision of section 30-102 is to enable the prospective defendant to begin marshalling evidence while memories are still fresh. Kirby v. Rusty Nail Cafe of Bristol, Inc., 40 Conn. Sup. 331, 332 (1985). Accordingly, pursuant to this section, the required sixty day notice is a condition precedent to bringing such an action, and when not met, the action should be dismissed. Whichard, Administrator v. S.K.M., Inc., D.N. 24-60-31, J.D. of New Haven, Memorandum of Decision on Motion to Dismiss (January 3, 1990, Schimelman, J.). Although the Supreme Court has not addressed the sixty day notice provision of the Dram Shop Act, when the Superior Court has addressed the issue, it has concluded that such notice involves the subject matter jurisdiction of the court and cannot be waived Wilkins v. Walters, 3 CSCR 596-97 (June 20, 1988, Dorsey, J.). Thus, it concluded that a plaintiff's failure to comply with this notice provision deprives the court of subject matter jurisdiction. Id. at 597.
Nevertheless, "[t]he Dram Shop Act, being remedial, should be construed liberally to suppress the mischief and advance the remedy." Kirby, 40 Conn. Sup. at 332 citing Pierce v. Albanese,144 Conn. 241, 251 (1957). If under all circumstances it appears that the party entitled to notice was neither misled nor hampered by a defect, then he may not avail himself of the defect in his defense of the action. Kirby, 40 Conn. Sup. at 332
citing Greenberg v. Waterbury, 117 Conn. 67, 70-71 (1933).
In the present case, the plaintiff's notice of intent to sue is defectively dated January, 1989. To be timely, such notice must have been served by January 11, 1989, sixty days after the November 11, 1988 injury. The sheriff's return indicates that Stacie Granno, the person in charge, accepted service of plaintiff's intent to sue for Harpo's Bar and for Ackerman, on January 10, 1989. In his affidavit, however, CT Page 639 Ackerman claims that he did not personally receive the notice of intent until after January 11, 1989. Further, in their memorandum, the defendants assert that to be timely, the notice must have been served on Ackerman, not Granno as his agent, by January 11, 1989.
The general rule is that knowledge of an agent is imputed to the principal. Allen v. Nissley, 184 Conn. 539, 542-44
(1981). The defendants have claimed that Granno was not an officer of the corporation, but have made no showing that she did not accept the notice of intent as their agent on January 10, 1989. Thus, they were neither misled nor hampered by plaintiff's failure to date his notice of intent. Nor were the defendants hampered by the plaintiff, who made timely service of notice on their agent. Accordingly the motion to dismiss count two of the complaint, sounding in the Dram Shop Act, is denied.
The Supreme Court has stated that "an examination of the policy considerations involved in legal cause persuades us that there is no logical reason for denying the plaintiff a recovery based on proof of wanton and reckless misconduct" when a vendor knew that he sold liquor to an intoxicated person. Kowal v. Hofher, 181 Conn. 355, 361-62 (1980). A complaint claiming wanton and reckless misconduct is a common-law action. Id. at 360.
In the present case, defendant claims that he was not served timely notice of intent to sue for his alleged wanton and reckless misconduct. The statutory notice requirements of the Dram Shop Act do not apply to this common-law cause of action. Therefore, the motion to dismiss count three of the complaint, sounding in the common-law, is denied.
HENNESSEY, J.