[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Christine Benedict, a minor, through her mother, Carole Leonard, brought this four count action against Jeffrey Gillette, Janron, Inc. d/b/a RJ's Spirit Shoppe and Jeanette M. Silvia d/b/a RJ's Spirit Shoppe to recover damages for injuries which Benedict suffered as a result of a sexual assault committed upon her by Gillette. The plaintiff alleges in the second, third and fourth counts that Gillette was served alcoholic liquor, while he was intoxicated, by Janron, Inc., the backer, Silvia, the permittee, or their servants, agents or employees, when he was a customer at RJ's Spirit Shoppe in Vernon. The plaintiff seeks damages pursuant to General Statutes Section 30-102, the Dram Shop Act, and at common law.
The defendants Janron, Inc. and Silvia have filed a motion to dismiss the action as to them, on the ground that the notice of intent to sue required by Section 30-102 was CT Page 8653 deficient. The plaintiff has filed a memorandum in opposition to the motion.
DISCUSSION
A motion to dismiss is the proper vehicle to challenge the subject matter jurisdiction of the court. Practice Book Section 143; see Zizka v. Water Pollution Control Authority,195 Conn. 682, 687 (1985). Faithful adherence to the notice requirement of General Statutes Section 30-102 is a condition precedent to a cause of action under that section. Thompson v. Bristol Lodge No. 712, Loyal Order of Moose, Inc.,31 Conn. Sup. 405, 406 (C.P. 1974). As such, the notice requirement is jurisdictional, and any noncompliance is properly raised in a motion to dismiss. Bickel v. Hassenmayer, 2 CSCR 600 (May 1, 1987, D. Dorsey, J.). Every presumption favors the jurisdiction of the court. Monroe v. Monroe, 177 Conn. 173, 177 (1979), appeal dismissed, 444 U.S. 801,100 S.Ct 20, 62 L.Ed.2d 14 (1979).
General Statutes Section 30-102 provides, in part,
 [i]f any person. . .sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured. . .provided the aggrieved person shall give written notice to such seller within sixty days of the occurrence of such injury to person or property of his or their intention to bring an action under this section. . .Such notice shall specify the time, the date and the person to whom such sale was made, the name and address of the person injured or whose property was damaged, and the time, date and place where the injury to person or property occurred.
The purpose of the notice required by Section 30-102 is to enable a prospective defendant to begin marshaling his evidence while memories are still fresh. Kirby v. Rusty Nail Cafe of Bristol, Inc., 40 Conn. Sup. 331, 332 (1985), citing Zucker v. Vogt, 329 F.2d 426, 428 (2d Cir. 1964).
The notice provided to defendants Janron, Inc. and Silvia states the time, date and person to whom the sale was made, as well as name of the injured person. The notice does not state the address of the injured person, nor the time, date and place where the injury occurred. The notice, written on the letterhead of the plaintiff's attorney, included the attorney's address and telephone number, and CT Page 8654 stated that "[y]ou may direct any inquiries to our attorney, Mary A. Rossettie."
The defendants argue that they made a good faith effort to determine the validity of the allegations of the notice through investigation, but, because no place of injury was stated, the defendants did not know where the injury allegedly occurred and could not begin to "marshall evidence." The defendants claim that, as such, the notice in this case was clearly misleading and neither met the requirements set by law nor served its functional purpose.
There is a split of authority at the superior court level on the issue of whether the notice requirements of the Dram Shop Act are to be liberally or strictly construed. Allen v. Waterfront Cafe, Inc., 4 CSCR 351, 352 (March 28, 1989, Kulawiz, J.) Those cases which have liberally construed the notice requirements are the better reasoned.
The Dram Shop Act, being remedial, should be construed liberally to suppress the mischief and advance the remedy, supra, 332, citing Pierce v. Albanese, 144 Conn. 241,251, appeal dismissed, 355 U.S. 15, 78 S.Ct. 36,2 L.Ed.2d 21 (1957). If the circumstances of the case are such as to justify a reasonable inference that the inadequacy of the notice has neither misled nor hampered the defendants, then they may not avail themselves of it. Allen, supra; see Kirby, supra; Cruz v. Wice, 40 Conn. Sup. 48, 49 (1984). "Because the purpose of the notice requirement is to enable defendant to begin gathering his evidence while the events are still fresh, substantial compliance so as to effectuate this purpose is sufficient." Allen, supra, quoting Stevens v. Arace, 3 CSCR 462 (April 28, 1988, Purtill, J.); but see Thompson, supra.
The information provided by the plaintiff, while incomplete, was not misleading. The information provided, coupled with the invitation that any inquiries be directed to the attorney upon whose letterhead the notice was sent, was sufficient to enable the defendants to begin gathering their evidence. Accordingly, the defendants' motion to dismiss is denied.
Hon. Robert McWeeny Superior Court Judge.