[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff filed a complaint on August 6, 1991, alleging that on December 28, 1990, the plaintiff was appointed guardian incapacitated as a result of an automobile accident on September 8, 1990. The complaint alleges that Sweeney was a passenger in a motor vehicle operated by her father, Patrick Sweeney, proceeding southbound on Tunnel Road in Vernon, Connecticut. At that time, a motor vehicle, operated by Denise Gaylor, turned into the northbound lane, resulting in a head-on collision. As a result of the accident, the complaint alleges that Sweeney traveled forward and hit her head on the windshield, causing traumatic brain injury, facial lacerations, loss of several teeth, fractured ribs, abdominal injuries, and other injuries.
The complaint further alleges that on the date of the accident, the defendant, Main Pub Restaurant and Lounger sold Gaylor alcoholic beverages while she was intoxicated. The defendant, Glenn Beaulieu, is alleged to be the permitee and backer of the Main Pub, and alcoholic beverages are alleged to have been sold to Gaylor by Beaulieu his servants, agents, or employees.
The complaint alleges that notice was given to Beaulieu, pursuant to 30-102, within sixty days of the plaintiff's appointment and within 120 days from the date of the accident.
On September 20, 1991, the defendants filed a motion to dismiss, pursuant to Practice Book 142; on the ground that the notice served upon the defendants as required by 30-102 was improper and therefore the court lacks jurisdiction over the subject matter and over the person.
Pursuant to Practice Book 143, the defendant has filed a memorandum of law in support of the motion to dismiss, and the plaintiff has timely filed a memorandum in opposition.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 490 A.2d 509
(1985). "Lack of jurisdiction, once raised, must be disposed of." Upson v. State, 190 Conn. 622, 625 461 A.2d 991 (1983). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." Craig v. Bronson, 202 Conn. 91, 101, 520 A.2d 155
(1987). "Whenever it is found . . . that the court lacks CT Page 9340 jurisdiction of the subject matter, the court shall dismiss the action." Practice Book 145.
The Dram Shop Act, General Statutes 30-102, allows a plaintiff to sue a liquor seller for inquiries caused by the sale of liquor to an intoxicated person. In order to recover, a plaintiff must satisfy the following notice requirement found in30-102:
 [T]he aggrieved person or persons shall give written notice to such seller within sixty days of the occurrence such injury to person or property of his or their intention to bring an action under this section. In computing such sixty-day period, the time between the death or incapacity of any aggrieved person and the appointment of an executor administrator, conservator or guardian of his estate shall be excluded, except that the time so excluded shall not exceed one hundred twenty days.
In their memorandum in support of the motion to dismiss, the defendants argue that the plaintiff did not have to wait for the appointment of a guardian to give notice but rather, "sought the appointment solely to take advantage of the extension period provided in the dram shop act." The defendants apparently argue that the legislature did not intend to allow for an extension of time for notice when the incapacity of the aggrieved party is due to minority. The defendants further argue that Sweeney's incapacity did not commence on the date of the accident, but rather at birth and, therefore, 5,588 days had passed between the incapacity and the notice given to the defendants.
The plaintiff argues in her memorandum in opposition that Sweeney was "incapacitated physically, mentally, and due to her minority status" The plaintiff argues that Sweeney was physically and mentally incapacitated due to the traumatic brain injury that she suffered from the accident. The plaintiff further argues that the time period between the incapacity, the date of the accident and her appointment as guardian is excluded from the 60 day not ice period, and therefore, the defendants' notification 111 days after the accident, and within sixty days of her appointment, was proper.
A plaintiff's failure to comply with the notice provision of 30-102 deprives the court of subject matter jurisdiction and therefore is a proper ground for a motion to dismiss. O'Neill v. Hensel, 5 CSCR 619 (July 16, 1990, Hennessey, J.). "Nevertheless the Dram Shop Act, being remedial should be construed liberally to suppress the mischief and advance the CT Page 9341 remedy." Id. (Citations omitted). "The purpose of the notice provision of 30-102 is to enable the prospective defendant to begin marshalling evidence while memories are still fresh. Kirby v. Rusty Nail Cafe, 40 Conn. Sup. 331, 332 (1985)." Id. Further if it appears that the defendant has not been misled or hampered by the defect, "then he may not avail himself of the defect in his defense of the action." Id. (Citations omitted).
Regardless of whether Sweeney's minority status made her incapacitated for purposes of 30-102, she was incapacitated due to the traumatic brain injury that she suffered as a result of the accident. In viewing the facts most favorably to the plaintiff, it is apparent that Sweeney was physically and mentally incapacitated due to her traumatic brain injury through the month of November, 1990, when the plaintiff made application for appointment of guardian. Because the time period between the date of incapacity, the date of the accident, and the date the plaintiff was appointed guardian is excluded, the court concludes that the defendants were notified within the 60 day notice period required by 30-102.
Accordingly, the defendants' motion to dismiss is denied.
Schaller, J.