[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure proceeding the defendant homeowner moved for permission to file a late application for protection from foreclosure under 49-31 (e) of the General Statutes.
Section 49-31d et seq. creates a right in homeowners, who meet certain requirements, to apply to the court to restructure a mortgage debt and to stay the foreclosure action during the restructuring period. Section 49-31e(a) requires the lender to give notice of the availability of the provisions or 49-31d to49-31i inclusive, at the time the action is commenced. Section49-31e(b) provides that the homeowner who is given such notice "must take application for protection from foreclosure within fifteen days of the return day."
The facts here are that plaintiff did give notice to defendant, (dated August 9, 1991), with the complaint as follows:
"A PERSON WHO IS UNEMPLOYED OR UNDEREMPLOYED AND WHO HAS (FOR A CONTINUOUS PERIOD OF AT LEAST TWO (2) YEARS PRIOR TO THE COMMENCEMENT OF THIS FORECLOSURE ACTION) OWNED AND OCCUPIED THE PROPERTY BEING FORECLOSED AS SUCH PERSON'S PRINCIPAL RESIDENCE, MAY BE ENTITLED TO CERTAIN RELIEF PROVISIONS UNDER CONNECTICUT GENERAL STATUTES SECTION 49-31d THROUGH 49-311. YOU SHOULD CONSULT AN ATTORNEY TO DETERMINE YOUR RIGHTS UNDER THESE STATUTES. THESE STATUTES REQUIRE THAT IF PROTECTION IS DESIRED, AN APPLICATION FOR RELIEF MUST BE FILED WITHIN FIFTEEN (15) DAYS CT Page 300 OF THE RETURN DATE."
The return date of the complaint was September 3, 1991. Defendant brought the complaint and notice to a New York attorney, who had correspondence with plaintiff's attorney but did not file an appearance. Eventually the file came to defendant's present attorney who filed an application for protection from foreclosure on December 6, 1991, ninety-two days after the return date.
On December 9, 1991 she filed the instant motion for permission to file a late application for protection. In support of the motion defendant claims. (1) she never got the notice mandated by statute because she gave the papers to a New York attorney who did not properly advise her of her rights under 49-31e; (2) equity requires that the relief sought be granted because defendant has owned the property for a long time, has been vigorously trying to sell it; qualifies in all respects under the statute.
The court finds defendant in fact got precisely the notice required by 49-31e. That notice set forth the right to certain statutory relief and specifically stated that "an application for relief must be filed within fifteen (15) days of the return date." Defendant's giving the papers to a New York attorney who failed to promptly act on her behalf is no excuse for not applying for protection from foreclosure within the mandated period after the return date.
On the issue of whether or not this court can exercise equity jurisdiction to obviate a statutory precondition to a statutory remedy, the rule is that equity follows the law and "when the claim is a legal claim or when the penalty [or relief] is mandatorily fixed by statute, equity will as a rule apply the requirement of the statute and not release the claimant." Braithwaite v. Town of Wallingford, 5 Conn. L.Rptr. No. 10, 261, 262 (Dec. 16, 1991).
The rule also is that when a statute creates a remedy which does not exist in the common law, all the statutory requirements must be complied with for the statutory remedy to be granted. Thus, as to Mechanic's liens the Supreme Court said in H S Torrington Associates v. Latz Engineering Co., 185 Conn. 549,553 (1981): "Because the mechanic's lien is a creature of statute, a lienor must comply with statutory requirements in order to perfect his claim." As to actions under the defective highway statute, the Supreme Court said in Wethersfield v. National Fire Ins., 145 Conn. 368, 371 (1958): "The giving of the statutory written notice of injury is a condition precedent to the cause of action. . . ." To the same effect are Simko v. CT Page 301 Zoning Board of Appeals, 206 Conn. 374, 377 (1988) (as to zoning board appeals); Thompson v. Bristol Lodge No. 713,31 Conn. Sup. 405, 406 (1974) (as to Dram Shop Act actions).
The court concludes that it lacks the power to grant defendant's motion to file a late application for protection from foreclosure under 49-31 (e) and defendant's motion is accordingly denied.
R. SATTER STATE TRIAL REFEREE