[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
In these three companion cases, the plaintiffs have brought suit pursuant to General Statutes 30-102 ("the Dram Shop Act") against the defendant Tiffany House Cafe and its permittee, the defendant Elizabeth Lineberry, as a result of injuries sustained by actions of the defendants' patrons. The defendant cafe has sought to dismiss the first count of each suit, the dram shop claim, maintaining that the plaintiffs have failed to give proper notice to the defendants, thus depriving CT Page 8024 this court of jurisdiction.
 II.
Discussion
 A.
The Dram Shop Act is, of course, a creature of statute and creates a cause of action unknown to common law. Pierce v. Albanese, 144 Conn. 241, 249 (1957). As such, strict compliance with the statutory notice requirements is mandatory. Stephenson v. Edwards, 25 Conn. Sup. 1 (1962).
In order to utilize this statute, the plaintiff must give written notice to the seller within sixty days of the occurrence of the injury and
 [s]uch notice shall specify the time, the date and the person to whom such a sale was made, the name and address of the person injured or whose property was damaged, and the time, date and place where the injury to person or property occurred.
The only issue in this case is whether the plaintiff properly identified the person to whom the sale was made. In each case, the plaintiff stated:
 Person to Whom Sale Made: 3 to 5 unknown male patrons of Tiffany House Cafe who, upon information and belief, were members of the Diablos motorcycle club.
The defendants maintain that the plaintiffs have failed to give proper notice because they "failed to identify the alleged assailants or even whether there were three or five assailants."
It is clear that the notice is not specific. The plaintiff does not state the names or even number of alleged patrons. In Thompson v. Bristol Lodge No. 712, 31 Conn. Sup. 405,407 (1974), a notice which stated "by two or three persons (names unknown) who were attending the wedding party . . ." was held insufficient as "no information whatsoever was contained in the notice, relative to names." On the other hand, in Cruz v. Wice, 40 Conn. Sup. 48 (1984), a notice which failed to name the alleged assailant, calling him "a patron" was held satisfactory as the party entitled to notice was neither mislead nor hampered by the defect. Similarly, in CT Page 8025 Kirby v. Rusty Nail Cafe of Bristol, Inc., 40 Conn. Sup. 331
(1985), the court allowed a notice which listed the assailant as "`John Doe', a patron". Once again, the court noted that there was less than strict compliance with the statute but that "the statute does not direct that the name of the assaulter be given" and there was no attempt to mislead or hamper. Id. 332.
"The purpose of the notice requirement is to enable a prospective defendant to begin marshalling his evidence while memories are still fresh." Zucker v. Vogt, 329 F.2d 426,428 (2nd Cir. 1964). In this case, the notice gave sufficient information to the seller that the persons, whether 3 or 5, were Diablos Motorcycle Club members. That is far more specific than simply indicating it was a person attending a wedding or a patron of a bar. In Kirby v. Rusty Nail Cafe, supra, 332, the court noted that "it would be unseemly . . . to deprive a plaintiff of his claim under the statute because of his inability to place a name upon a patron of a defendant, who may be in a better position to identify the patron." The Dram Shop Act should be construed liberally to suppress the mischief and advance the remedy. Pierce v. Albanese, supra, 251. This court cannot say that the notice is so deficient that it precludes the defendants from "marshalling their evidence."
Accordingly, the motions to dismiss are denied.
MARSHALL K. BERGER, JR., JUDGE, SUPERIOR COURT