[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CAUSE OF ACTION BASED UPON WANTON AND RECKLESS MISCONDUCT IN SALE OF ALCOHOL
On May 20, 1992 the plaintiff, Francis Sego, filed a five count complaint against defendants, Debco, Inc. (hereinafter "Debco" and Deborah McGee, its owner, lessee and permittee, (hereinafter "McGee"). The following facts are alleged in the plaintiff's complaint: Debco does business in the CT Page 6471-T Town of Shelton, Connecticut as the Club 127 restaurant and bar. On August 25, 1991 at approximately 2:00 a.m., the plaintiff, a passenger in a motor vehicle owned and operated by a patron of Debco's bar, sustained severe injuries when the vehicle collided with a telephone pole. The first count of the complaint alleges negligence on the part of Debco for, inter alia, serving alcohol to the driver of the vehicle in such quantities as to render him intoxicated and for continuing to do so when they knew or should have known that he was in such The second count of the complaint alleges wanton and reckless conduct on the part of Debco. The third count of the complaint seeks to recover damages for medical expenses pursuant to General Statutes 30-102. The fourth count of the complaint alleges similar negligence on behalf of McGee, as the permittee of Club 127. The fifth count of the complaint alleges wanton and reckless conduct on the part of McGee.
The defendants have filed a motion to strike the entire complaint, along with a supporting memorandum of law, on the grounds that all five counts fail to state a claim upon which relief may be granted. The plaintiff has filed an objection to the motion to strike, together with a supporting memorandum of law. CT Page 6471-U
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). The motion to strike admits all facts well pleaded but does not admit legal conclusions. Id. When ruling upon a motion to strike, the court is limited to the facts alleged in the complaint; King v. Bd. of Educ. of the Town of Watertown, 195 Conn. 90, 93,486 A.2d 1111 (1985); "and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990), quoting Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977). The facts alleged in the complaint are construed in a manner most favorable to the pleader. Progressive Casualty Insurance Co. v. DiGangi, 4 Conn. App. 137, 140, 492 A.2d 548, rev'd on other grounds, 203 Conn. 45, 523 A.2d 477 (1987). If the complaint alleges legal conclusions unsupported by facts, the motion to strike should be granted. Mora v. Aetna Life and Casualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988). If the facts provable under the complaint support a cause of action, the motion to strike should be denied. Mingachos v. CBS, Inc., supra, 108-09. CT Page 6471-V
I. The First and Fourth Counts of the Complaint
The defendants argue in their memorandum of law, that the plaintiff's claims are nothing more than claims for the negligent service of alcohol and since such a cause of action does not exist under Connecticut common law, the motion to strike the first and fourth counts of the complaint should be granted.
The plaintiff argues that since the negligent supervision of patrons is distinct from furnishing alcohol to patrons, then in counts one and four of the complaint he has pled a cause of action that is not barred by either Connecticut common law or the Dram Shop Act, General Statutes 30-102.
 At common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated. `While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the CT Page 6471-W intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury. (Citations omitted)
Quinnett v. Newman, 213 Conn. 343, 345-46, 568 A.2d 786
(1990), quoting Ely v. Murphy, 207 Conn. 88, 92-93, 540 A.2d 54
(1988). "The rule was based on the obvious fact that one could not become intoxicated by reason of liquor furnished him if he did not drink it." Nolan v. Morelli, 154 Conn. 432, 437, 226 A.2d 383
(1967).
In the present case, the plaintiff has alleged in the first and fourth counts of the complaint that "[t]he injuries sustained by the plaintiff . . . were caused by the negligence . . . of the defendants . . . in one or more of the following respects:"
 (a) In that they failed to exercise proper supervision over the premises;
 (b) In that they failed to exercise reasonable care over the premises; CT Page 6471-X
 (c) In that they served alcoholic beverages to William J. Jordan in such a quantity so as to render him intoxicated;
 (d) In that they continued to serve alcoholic beverages to William J. Jordan when they knew or should have known he was intoxicated;
 (e) In that they failed to conduct reasonable inspections for any dangerous conditions existing at the premises;
 (f) In that they failed to conduct the activities of the premises in such a way so as not to injure patrons, including the plaintiff;
 (g) In that they failed to promulgate written/oral rules and/or regulations concerning serving alcoholic beverages to intoxicated persons;
 (h) In that they failed to enforce written/oral rules and/or regulations concerning serving alcoholic beverages to intoxicated patrons; CT Page 6471-Y
 (i) In that they allowed an intoxicated patron, William J. Jordan, to operate a motor vehicle although they knew or should have known that said patron posed an unreasonable risk of harm to individuals, including the plaintiff;
 (j) In that they failed to warn the plaintiff that said patron, William J. Jordan, was intoxicated;
 (k) In that they failed to exercise proper supervision over their employees, agents and/or servants.
(Emphasis added.)
Although the plaintiff contends that the first and fourth counts of the complaint sound in negligent supervision, the court finds these counts to be tantamount to an attempt to set forth a negligence cause of action against the defendants. As previously mentioned, no such cause of action exists in Connecticut. Quinnett v. Newman, supra. It is true, as the plaintiff argues, that a patron or business visitor of an establishment, who sustains an injury in CT Page 6471-Z person or property as a consequence of negligence in supervision, may have a cause of action against the establishment; Nolan v. Morelli, supra, 441; however, that cause of action has only been allowed in cases where the establishment served alcohol to one patron who subsequently assaulted another patron in the same establishment. See, e.g. Lowthert v. Loyal Order of Moose of Stamford, Lodge 940, Inc., 147 Conn. 529, 163 A.2d 106 (1960); Kozanski v. The Tobacco Shed, 5 CSCR 47 (November 14, 1989, Hennessey, J.); Olson v. Tompkins, Superior Court, judicial district of Litchfield, Docket No. 054161 (August 28, 1991); Castillo v. Brito, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394099 (October 28, 1991).
Accordingly, since in Connecticut no cause of action exists for negligence in selling alcohol to intoxicated adults who after leaving the premises harms another, the motion to strike the first and fourth counts of the complaint are granted.
II. The Second and Fifth Counts of the Complaint
The defendants further allege that although the plaintiff alleges CT Page 6471-AA wanton and reckless conduct by the defendants in the second and fifth counts of the complaint, he uses language in those counts which is identical to that used in the negligence counts previously mentioned. The defendants therefore claim that since one cannot transform a count sounding in willful and wanton misconduct to one sounding in negligence merely by using language that sounds in negligence the motion to strike the second and fifth counts of the complaint should be granted.
The plaintiff counters that since the allegations in the second and fifth counts of the complaint rise to the level of an extreme departure from ordinary care where a high degree of danger is apparent, he has pled a valid cause of action sounding in wanton and reckless conduct.
 "Recklessness is a state of consciousness with reference to the consequences of one's acts. (Citation omitted.) It is "more than negligence, more than gross negligence." (Citation omitted.) The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree CT Page 6471-BB of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them.' (Citation omitted.) `Wanton misconduct is reckless misconduct. (Citation omitted.) "It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." (Citation omitted.)' (Citations omitted) Willful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. (Citation omitted.) "[Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances." (Citation omitted.) (Citation omitted.) Not only the action producing the injury but the resulting injury also must be intentional. (Citation omitted.)
Dubay v. Irish, 207 Conn. 518, 532-33, 542 A.2d 711 (1988).
 "`[W]illful,' `wanton,' or `reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. It is at least clear . . . that such aggravated negligence must be more than any mere mistake CT Page 6471-CC resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ."
Id., quoting W. Prosser W. Keeton, Torts (5th Ed.) 34, p. 214.
"In order to maintain a cause of action sounding in recklessness, the chain of recklessness must be set out separately from any claim of negligence and must specifically identify the conduct which is alleged to have been reckless." Doyle v. Christensen, Superior Court, judicial district of New London at Norwich, Docket No. 094964 (July 18, 1990).
In the present case, the plaintiff has alleged in the second and fifth counts of the complaint, that "[t]he injuries sustained by the plaintiff. . . were caused by the wanton and reckless conduct of the defendant . . . in one or more of the following respects:"
 (a) In that the failed to exercise proper supervision over the premises; CT Page 6471-DD
 (b) In that they failed to exercise reasonable care over the premises;
 (c) In that they served alcoholic beverages to William J. Jordan in such a quantity so as to render him intoxicated;
 (d) In that they continued to serve alcoholic beverages to William J. Jordan when they knew or should have known he was intoxicated;
 (e) In that they failed to conduct reasonable inspections for any dangerous condition existing at the premises;
 (f) In that they failed to conduct the activities of the premises in such a way so as not to injure patrons, including the plaintiff;
 (g) In that they failed to promulgate written/oral rules and/or regulations concerning serving alcoholic beverages to intoxicated patrons; CT Page 6471-EE
 (h) In that they failed to enforce written/oral rules and/or regulations concerning serving alcoholic beverages to intoxicated patrons;
 (i) In that they allowed an intoxicated patron, William J. Jordan, to operate a motor vehicle although they knew of [sic] should have known that said patron posed an unreasonable risk of harm to individuals, including the plaintiff;
 (j) In that they failed to warn the plaintiff that said patron, William J. Jordan, was intoxicated;
 (k) In that they failed to exercise proper supervision over their employees, agents and/or servants.
Although the plaintiff contends that the second and fifth counts of the complaint sound in wanton and reckless conduct, the plaintiff has essentially asserted the identical allegations upon which he relies in the first and fourth counts of the complaint, i.e., the negligence counts. CT Page 6471-FF
 The bare allegation that certain conduct is reckless is legally insufficient to raise an actionable claim of reckless misconduct. (Citation omitted.) Sufficient facts must be alleged to infer that the defendant's conduct went beyond mere negligence. (Citation omitted.) `A plaintiff cannot transform a count for willful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence.' (Citation omitted.)
(Emphasis added.) Doyle v. Christensen, supra.
The plaintiff cites Kowal v. Hofher, 181 Conn. 355, 360-61,436 A.2d 1 (1980) for the proposition that the policy considerations which justify protecting a vendor and social host from liability for the negligent serving of alcohol do not apply when the conduct constitutes wanton and reckless conduct.
Finding that ". . . one ought to be required as a matter of policy, to bear a greater responsibility for consequence resulting from his act when his conduct is reckless or wanton than when his conduct CT Page 6471-GG is merely negligent" (Citation omitted) the Supreme Court in Kowal, supra at 360-361, concluded that a seller of liquor may be found liable for injuries caused by wanton or reckless misconduct. The allegations that, 1) the defendants continued to serve alcoholic beverages to William J. Jordan when they knew he was intoxicated, and (2) that the defendants allowed an intoxicated William J. Jordan to operate a motor vehicle when they knew that he posed an unreasonable risk of harm to the plaintiff, if proven fall within the wanton and/or reckless test for a cause of action recognized in Kowal, supra.
Accordingly, the motion to strike so much of the second and fifth count as allege wanton and reckless misconduct is denied.
III. The Third Count of the Complaint
The defendants finally argue that since the plaintiff failed to specify the person to whom the sale of alcohol was made and the place where the injury occurred, in his notice to the defendants, the motion to strike the third count of the complaint should be granted. CT Page 6471-HH
The plaintiff argues, that although the information provided in the notice was incomplete, it was not misleading and it substantially complied with General Statutes 30-102. The plaintiff further argues, that his failure to comply with the notice provision of the statute should have been more properly dealt with on a motion to dismiss, rather than a motion to strike. The plaintiff further argues, that since he has substantially complied with General Statutes 30-102 and since the defendants' attack on the sufficiency of the plaintiff's notice is procedurally improper, the plaintiff has pled a valid cause of action in the third count of the complaint.
General Statutes 30-102 states the following:
 If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of twenty thousand dollars, or to persons injured in consequence of such intoxication up to CT Page 6471-II an aggregate amount of fifty thousand dollars, to be recovered in an action under this section, provided the aggrieved person or persons shall give written notice to such seller within sixty days of the occurrence of such injury to person or property of his or their intention to bring an action under this section. . . . Such notice shall specify the time, the date and the person to whom such sale was made, the name and address of the person injured or whose property was damaged, and the time, date and place where the injury to person or property occurred.
(Emphasis added.)
"The Superior Court is split on the issue of whether the notice requirements of the Dram Shop Act are to be liberally construed." Alien v. Waterfront Cafe, Inc., 4 CSCR 351, 352 (March 28, 1989, Kulawiz, J.). "However, the Dram Shop Act `is remedial in character and should be liberally construed "suppress the mischief and advance the remedy."'" Stevens v. Arace,3 CSCR 462, 463 (April 28, 1988, Purtill, J.), quoting Pierce v. Albanese,144 Conn. 241, 251, 129 A.2d 606 (1957), appeal dismissed,355 U.S. 15, 78 S.Ct. 36, 2 L.Ed.2d 21 (1957). CT Page 6471-JJ
Although "[p]roper notice is a condition precedent to an action under the Dram Shop Act;" Id. citing Thompson v. Bristol Lodge No. 712, 31 Conn. Sup. 405, 406, 372 A.2d 985 (C.P. 1974); "[t]he purpose of the notice required by 30-102 is to enable a prospective defendant to begin marshalling his evidence while memories are still fresh"; Kirby v. Rusty Nail Cafe of Bristol, Inc, 40 Conn. Sup. 331, 332, 499 A.2d 85 (1985 Corrigan, J.), citing Zucker v. Vogt, 329 F.2d 426, 428 (2d Cir. 1964).
"[W]here notice requirements have not been literally met, [however,] if under all the circumstances it . . . appears that the party entitled to notice was neither misled nor hampered by that defect . . . he may not avail himself of the defect in his defense to the action." Id. citing Greenberg v. Waterbury, 117 Conn. 67, 7071, 167 A. 83 (1933). Therefore, "substantial compliance so as to effectuate [the] purpose of the statute is sufficient." Stevens v. Arace, supra.
In the present case, the notice at issue fails to specify the exact person to whom the sale of alcohol is claimed to have been made CT Page 6471-KK and the specific place where the injury occurred. Although the notice states that the identity of the person to whom the alcohol was allegedly sold is James Jordan and the place where the injury occurred is listed as Sport Hill Road, Shelton, Connecticut, the plaintiff correctly alleges, in the first count of the complaint and throughout, that the name of the person is William J. Jordan and the place of injury is Perry Hill Road, Shelton, Connecticut. The court finds that, construing the Dram Shop Act in a liberal manner, the defendants were neither misled or hampered by the defect in the notice.
"In addition, it should be noted that failure to comply with the notice provision would be a jurisdictional defect that could properly have been raised by a motion to dismiss." Id. citing Bickel v. Hassenmayer, 13 C.L.T. No. 24 (Super.Ct. May 1, 1987, Dorsey, J.). The motion to strike, however, limits the question before the court to the legal sufficiency of the third count of the complaint. Id., citing Mingachos v. C.B.S., Inc., supra. Inasmuch as the plaintiff has effectuated the purpose of General Statutes30-102 by substantially complying with the notice provision of that statute, the motion to strike the third count of the complaint is denied. CT Page 6471-LL
Jones, J.