[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S (DOREEN ROBICHAUD) MOTION TO DISMISS (FILE #128)
On February 5, 1992, plaintiffs, Joergen Elmegaard and Gitte Kjeldsen, filed a twelve count complaint against defendants, Richard Desroches, Michael Desroches, Richard Desroches and/or Michael Desroches d/b/a The Wooden Nickel Cafe; Joseph Robichaud, Doreen Robichaud, Joseph Robichaud and/or Doreen Robichaud d/b/a J.R.'s Cafe, J.R.'s Cafe, Inc.; the Italian American Club, the Italian American Club, Inc., the Italian American Club of Windsor Locks, Inc.; James Cranfill, James Higgins, and James Bourassa. The complaint alleges violations of General Statutes 30-102 (Dram Shop Act) and common law claims of gross, wanton and reckless conduct against each defendant. Plaintiffs seek to recover for personal injuries allegedly sustained in an automobile accident with a drunken driver. Notice was given, pursuant to30-102, to all the defendant establishments and their owners, backers, or permittees, either personally or through agents for service;[1] copies of notices are attached to the pleadings. Personal notice was not sent to one defendant, Doreen Robichaud; however, service was made on Joseph Robichaud, her husband, individually, and service was made on J.R.'s Cafe, Inc. through its agent for service (Joseph Robichaud).
On May 8, 1992, Doreen Robichaud filed the instant motion to dismiss pursuant to Practice Book 143(1) claiming that the court lacks subject matter jurisdiction because plaintiffs failed to serve her with notice as required under 30-102, and because she is not a permittee, owner, or backer of J.R.'s Cafe. Ms. Robichaud has filed a memorandum of law and affidavit in support of her motion. Plaintiffs have filed an objection to the motion, a memorandum of law in opposition, CT Page 184 and other pertinent documents.
A motion to dismiss is the "`proper vehicle for claiming any lack of jurisdiction in the trial court.'" (Emphasis in original.) Upson v. State, 190 Conn. 622, 624-25 n. 4 (1983), quoting Carpenter v. Planning Zoning Commission, 176 Conn. 581,587 n. 5 (1979). The motion places in question any plaintiff's right to assert the particular cause of action based on jurisdictional defects. Prac. Bk. 142-46. "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Prac. Bk. 145. "`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" LeConche v. Elligers, 215 Conn. 701, 709 (1990), quoting Shea v. First Federal Savings Loan Assn. of New Haven, 184 Conn. 285, 288
(1981). The court is without subject matter jurisdiction only if it has no competence to entertain the action before it; Meinket v. Levinson, 193 Conn. 110, 115 (1984); and, every presumption should be made in favor of finding jurisdiction. See: LeConche v. Elligers, supra, 709-10. Consideration of the issues raised on a motion to dismiss usually will not encompass an assessment of the merits of the action. Lampasona v. Jacobs, 209 Conn. 724, 728 cert. denied, 492 U.S. 919,109 S.Ct. 3244, 106 L.Ed.2d 590 (1989).
Defendant, Doreen Robichaud, was not individually served with statutory notice as permittee, owner or backer of J.R.'s Cafe. Plaintiffs have alleged that Doreen Robichaud was an owner, backer, or permittee; documentation submitted discloses that she is vice-president of J.R.'s Cafe, Inc. and owns fifty percent of the corporation's stock. Statutory notice was timely served on Doreen Robichaud's husband, Joseph Robichaud, as permittee of, and as the agent for service for, J.R.'s Cafe, Inc.
Plaintiffs maintain that although Doreen Robichaud may not have received notice personally, she was notified as an officer and principal shareholder of the corporation. The purpose of the notice requirement of Section 30-102 is to enable a defendant to gather evidence while witnesses' memories are still fresh. Belanger v. Village Pub I, Inc.,26 Conn. App. 509, 515 (1992), citing Zucker v. Vogt, 329 F.2d 426, CT Page 185 428 (2d Cir. 1964). "Accordingly, pursuant to this section, the required sixty day notice is a condition precedent to bringing such an action, and when not met, the action should be dismissed." O'Neill v. Hendel,2 Conn. L. Rptr. 97, 98 (July 17, 1990). "Because 30-102 is remedial in nature, it should be interpreted liberally `to suppress the mischief and advance the remedy.'" Pierce v. Albanese,144 Conn. 241, 251 (1957), appeal dismissed, 355 U.S. 15 (1957); Belanger v. Village Pub I, Inc., supra. "Even where notice requirements have not been literally met . . . if under all the circumstances it nevertheless appears that the party entitled to notice was neither misled nor hampered by that defect, then he may not avail himself of the defect in his defense of the action." Kirby v. Rusty Nail Cafe of Bristol, Inc., 40 Conn. Sup. 331, 332 (1985).
In the Belanger case, the defendants claimed that the plaintiff failed to provide notice in accordance with 30-102
in that one defendant Cimino, did not receive statutory notice as the permittee; however, the corporate owner of the cafe had received proper and timely notice (Cimino was president and the sole shareholder of the corporation). There, the court found that the notice requirement was met regarding Cimino's status as permittee. Somewhat similarly, in the present case, while Doreen Robichaud was not personally served as an individual backer, she did have notice as a principal officer of J.R.'s Cafe, Inc.; statutory notice was served on the corporation's agent for service, and "[t]he general rule is that knowledge of an agent is imputed to the principal." O'Neill v. Hendel, supra, citing Allen v. Nissley, 184 Conn. 539, 542-44 (1981).
It is undisputed that the agent for service for J.R.'s Cafe, Inc. was properly served with the statutory notice. Therefore, as an officer of that corporation, Doreen Robichaud had notice of the claim(s) being asserted by plaintiffs. cf O'Neill v. Hendel, supra. Given the remedial nature of Section 30-102 (the Dram Shop Act), it is this court's view that, in the circumstances of this case, the purpose underlying the statute's notice requirement was fully met with respect to defendant Doreen Robichaud.[2]
The motion to dismiss (file #128) is hereby Denied.[3]
Mulcahy, J. CT Page 186