[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The defendants have filed a motion to strike a claim made against them as owner and permittee under the Dram Shop Act. Suit has been brought by the estate as the plaintiff died in an accident which forms the basis for this suit. The claim in the motion to strike is that the notice sent to the defendants, as required by the act, was not only inadequate but misleading. It is argued that proper notice is a prerequsite to suit under the act, Section 30-102 of the General Statutes.
The statute sets forth the remedy and permits suit "provided the aggrieved person or persons shall give written notice to such seller (of alcoholic liquor) within sixty days of the occurrence of such injury to persons or property of his (sic) or their intention to bring an action under this section." The statute goes on to say: "Such notice shall specify the time, date and the person to whom such sale was made, the name and address of the person injured or whose property was damaged and the time, date and place where the injury to person or property occurred."
The defendants attached to their motion to strike what they represent is the "notice under Dram Shop Act" which was sent to them within the appropriate time limit.
The notice lists the time and date of sale, the date and place of injury and describes the injury as the death of Mr. York. Mr. York is listed as the "person to whom sale was made."
The revised complaint which both parties concede is the appropriate subject of this motion to strike indicates that, in fact, it was one Chad Smith who was the purchaser of the alcohol and whose intoxication, while driving, resulted in the death of Mr. York on a road some distance from the defendants' establishment.
There is first a procedural problem that must be addressed regarding the motion to strike. Practice Book § 10-68 states that whenever a statute provides for a remedy and further requires that notice be given "the plaintiff shall either recite the same in the complaint or annex a copy thereto." This Practice Book provision has been in effect for decades and one court has said that "The obvious purpose of this rule is to have the sufficiency of the notice, if challenged, tested by demurrer preceding the trial." Barteis v. Windsor, 134 Conn. 569, 571 (1948), citing Cassidy v. Southbury, 85 Conn. 221, 222 ( ). Here the notice was not attached to the revised complaint although, as noted, the defendants CT Page 7267 do attach it to their motion to strike. The court could say that in effect the court is being asked to decide a motion to strike based on a document not part of the pleadings; this would not be proper. But the language of Practice Book § 10-68 is mandatory, neither party appears to object to the court's addressing the motion to strike. Under Practice Book § 10-1, if a "pleading does not fully disclose the ground of claim or defense, the judicial authority may order a fuller and more particular statement." The court will order that the notice be made part of the pleadings, as is required by our rules, and sees no need to impose the ritual on counsel of filing another revised complaint and another motion to strike to reach the same point we are all at now.
The difficulty here is the fact that the notice did not give the name of the purchaser of the alcohol whose later actions caused the accident leading to the death of the plaintiff's decedent. More, it gave the name of the decedent as the purchaser | this clearly is indicative of a claim not covered by the Dram Shop Act because the act only authorizes recovery by the party injured or his or her estate as a result of the intoxication of a second person to whom the defendant establishment sold the liquor. The notice did state, however, that a claim was being made under the act.
 I
In order to determine the importance of notice under the statute, the first question to be answered is whether notice need be given under the act or perhaps more exactly what should be the result when no notice is given or the notice is not given within the statutory time period.
Most of the cases hold that the provision of notice under the Dram Shop Act is a condition precedent to bringing suit. Stevenson v. Edwards,25 Conn. Sup. 1, 2 (1963); Saur v. Tobin, 23 Conn. Sup. 104, 105 (1961). Oddly enough, in the same case, another judge held the notice requirement is not mandatory and overruled the demurrer. Saur v. Tobin,23 Conn. Sup. 145, 146 (1961); this judge viewed the statute as remedial and believed it should be liberally construed. The judge compared the language of the Dram Shop Act to the statute authorizing claims against a municipality, § 13a-149; that statute explicitly says "no action . . . shall be maintained" unless the requisite notice is given. The Dram Shop Act contains no such language.
But the legislature must be taken to act with purpose and the earlier Dram Shop Act (1933, Supp. § 1088c) was explicitly amended in 1955 to provide for the notice requirement. See Connecticut Law of Torts, Wright, Fitzgerald, Ankerman § 83, p. 235. The wording of the statute is mandatory and it would appear that those cases requiring notice as a condition precedent to a claim under the Dram Shop Act are correct. CT Page 7268
 II
But the problem is then presented what is "notice" under the statute. To answer this the purpose for the notice is important; "the purpose of the notice required by § 30-102 is to enable a prospective defendant to begin marshalling his (or her) evidence while matters are still fresh.Kirby v. Rusty Nail Cafe of Bristol. Inc., 40 Conn. Sup. 331, 332 (1985). Speaking of the purpose of the notice provision in the predecessor statute to § 13a-144, where the considerations are similar, the court said the notice gives a defendant warning so he or she can start making those inquiries necessary to protect his or her interest and, more basically, gives the defendant that information which will provide the defendant with a reasonable guide to make inquiries in the first place.Morico v. Cox, 134 Conn. 218, 223 (1947), also see Bassin v. Stamford,26 Conn. App. 534, 539 (1992).
In suits against the state and municipalities under § 13a-144 and § 13a-149, ordinarily the question of sufficiency of the notice is for the jury. Bresran v. Frankel, 224 Conn. 23, 28 (1992); Schapp v.Meriden, 139 Conn. 254, 257 (1952); Bassin v. Stamford, supra., but these cases hold in certain situations the issue can be decided as a matter of law.
Here much of the notice provision of the act was complied with by the notice actually given. The name of the person injured is given, the date and time of the injury are supplied as well as the place of injury and type of injury, which here was death. As already indicated, what is not supplied is the name of the purchaser of the alcohol | in fact, only the name of the injured party is supplied as purchaser along with, presumably, the date and time of sale of the alcohol to the deceased. Identity of the purchaser is critical for defense of a case under the Dram Shop Act since armed with that information the defendant can begin to investigate whether alcohol was in fact sold to the individual mentioned and if so, whether the defendant or its employees had reason to know the individual was intoxicated. This information is especially necessary in a case where the alleged injury producing event did not take place in the defendants' establishment and thus could not be could not be observable by the defendant or its employees. Failure to give the identity of the purchaser is a serious limitation on the ability of the defendants to defend themselves but that is compounded by the fact that the deceased is listed as the purchaser — why bother to investigate at all since if the latter is true there would be no Dram Shop Act claim?
Two cases are presented by the plaintiff which seem to offer a CT Page 7269 convincing relaxation of a too rigid application of notice requirements as to identity of purchaser under the Dram Shop Act. Those cases are Cruzv. Rice, 40 Conn. Sup. 48 (1984) and Kirby v. Rusty Nail Cafe ofBristol, Inc., 40 Conn. Sup. 331, 332 (1985).
In Cruz, the defendant moved to strike the Dram Shop Act count on the grounds that the notice failed to give the name of the purchaser of the alcohol and the time and day of the sale — it said the purchaser was a "patron". The court denied the motion saying notice is required only to give an opportunity to the defendant to marshall his or her evidence against the claim.
The act is remedial and should be construed liberally. The notice requirements were not literally met but the defendant was neither misled or hampered by this as a matter of law — the date of the incident was given and that it was caused by a patron of the defendant while the plaintiff was also a patron. Certainly, such notice was adequate and, based on the information given, the defendant could begin those investigations necessary to protect the defendants' interests. Kirby
involved what was apparently a similar bar room brawl situation (a type of incident never witnessed by the court of course, but apparently occurring with some frequency as reported in the cases). The plaintiff used the word "John Doe" for the purchaser but the court refused to grant the motion to strike saying as 40 Conn. Sup. at p. 332:
 "The statute does not direct that the name of the assaulter be given, although obviously that is usually the best method of identification. Further, it would be unseemly in such circumstances as are alleged here to deprive a plaintiff of his claim under the statute because of his inability to place a name upon a patron of a defendant, who may be in a better position to identify the patron."
The court agrees with the result reached in Cruz and Kirby. They accomodate [accommodate] the ameliorative purpose of the act without doing violence to its language in the sense that defendants' interest and concerns are taken into account.
That is not what we have here with this notice. Here the injury producing event did not occur in the establishment so how could the defendants, from the notice received, be in a position to determine the identity of the purchaser whoever he or she may be, if not the decedent? Also the notice doesn't even warn the defendants that a patron other than the decedent was the purchaser who caused the harm — the notice of date and time of the purchase are thus useless as a guide to helping the CT Page 7270 defendants determine who the purchaser might be if he is not the decedent. How would they know the purchaser would be anyone else than the decedent from anything contained in the notice?
The plaintiff argues that, in fact, a bartender employee of the defendants who served the actual purchaser, Chad Smith, left with Smith and the decedent from the bar and witnessed the accident that took the decedent's life. Thus, the defendants had actual notice of the very information required to be given by notice. The court, on a motion to strike, cannot consider information by either side outside the four concerns of the complaint. But if this position were relevant to the issues at hand, it would not produce a contrary result. Section 30-102
provides that notice be given to the "seller". It says: "If any person by himself or his (sic) agent sells any alcoholic liquor to an intoxicated person" . . . and certain other conditions are met the "seller shall pay just damages . . ., provided the aggrieved person or persons shall give written notice to such seller." The "seller" is the operator of the establishment not some employee with no ascertainable duty or even necessarily an interest in giving the requisite notice to the defendant proprietors, cf. under § 13a-144 Zotta v. Burns, 8 Conn. App. 169,173 (1986) (notice sent not to "commissioner" but to insurance company; court held statute must be strictly construed and notice had to be sent to statutorily, identified party."
If the plaintiff's position as to this employee bartender is a valid answer to the factual inadequacy of the notice, why bother to send notice at all with information as to who the purchaser was and when he or she bought the alcohol — some employee of the defendant bartender or waiter/waitress sold and severed the alcohol, wouldn't that be notice enough? To ask the question is to provide the answer — no.
The court will grant the motion to strike the Dram Shop Act count of the revised complaint, count one.[1]
 III
That does not end the discussion, at least for the court, in light of certain representations made in the plaintiff's brief. It is claimed that its investigations were hampered or delayed by instructions given by the defendants or their agents not to talk to the plaintiff's investigator. There is nothing wrong with any such instructions, a party has a right to protect its interest within the law. But it might raise a fairness concern for the court, as to the obligation to give notice, if the alleged actions of the defendants prevented the plaintiff from giving appropriate notice within the prescribed period under § 30-102. To explain the concerns of the court, it is first necessary to compare the CT Page 7271 notice provisions in the highway defect statutes, §§ 13a-144 and13a-149. Those statutes require that no action shall be brought against the government entities "unless notice of such injury and a general description of the same and of the cause thereof, and of the time and place of its occurrence has been given in writing." All of this information is characterized by the fact that it is exclusively within the possession and control of the injured party — that party knows what the injury was that he or she suffered, the time and place it was suffered and what the defect was that caused it. It is only fair that under such circumstances that notice requirements under such statutes be fairly strictly interpreted against plaintiffs. But apples are not oranges — the practical situations created by highway defect acts as regards notices and the Dram Shop Act are different. Under the latter act, notice requires identification of the purchaser — there is no a priori way of assuming the plaintiff would know who the purchaser was — a factor not true of the information that has to be supplied by notice in a highway defect case. In fact, it might be true that the defendant proprietor of a bar is the party best able to identify the purchaser.
If the defendants kept the plaintiff from ascertaining the information necessary for adequate notice during the time period for giving notice, then they would be hard pressed to claim they were misled about the applicability of the Dram Shop Act and more to the point, such action would not be protecting an interest in full and fair notice that the legislature could, arguably at least, rationally have had in mind. In other words, some estoppel theory might apply in such a situation to prevent a defendant from using an inadequate notice argument.
The court has not decided that this is a correct position; the parties did not argue it. It can only be raised if the plaintiff can plead over and affirmatively allege the above mentioned actions of the defendants prevented notice as to the purchaser within the sixty day time period set forth in § 30-102. If that is done, the court will probably be dealing with another motion to strike testing the new allegations which the court may very well grant. But if the court were to deny such a motion, it will have to be tested by way of summary judgment or trial.[2]
In any event, the motion to strike the first count on these pleadings is granted."
Corradino, J.